UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM, et al., <br><br> Plaintiffs, <br> v. <br><br> PROLOY PONDIT, et al., <br><br> Defendants. | CASE NO. C24-1756-KKE <br><br> ORDER GRANTING MOTION FOR EXPEDITED DISCOVERY |

This matter comes before the Court on Plaintiffs' ex parte motion for expedited discovery. Dkt. No. 6. Defendants have not been served. For the following reasons, the Court grants the motion.

## I. BACKGROUND

On October 28, 2024, Plaintiffs filed a complaint against "Proloy Pondit and Does 1-20, d/b/a BigBoost Up" ("Defendants"). Dkt. No. 1 at 1. Plaintiffs allege "Defendants sold fake five-star product reviews to bad actors for publication on the bad actors' product listing pages in the Amazon.com store." *Id.* Plaintiffs bring causes of action for breach of contract, intentional interference with contractual relations, unjust enrichment/restitution, and violation of the Washington Consumer Protection Act ("CPA"). *Id.* at 20–23.

Plaintiffs have investigated Defendants' true identities by working with private investigators and analyzing public records and specialized databases. Dkt. No. 7 ¶ 4. Plaintiffs

allege they discovered that "Proloy Pondit was responsible for [BigBoostUp.com] and determined that he likely resides in Dhaka, Bangladesh." *Id.* ¶ 5. Plaintiffs further allege that Defendants "created and maintained a financial account with First Century Bank, N.A….to receive funds from their fake review scheme" (*id.* ¶ 6), First Century is likely "acting as an automated clearing house for Payoneer" (*id.* ¶ 7), Defendants registered the BigBoostUp domain through Namecheap, Inc. (*id.* ¶ 8), and that Pondit has a LinkedIn profile (*id.* ¶ 9). Plaintiffs now seek leave to serve third-party subpoenas under Federal Rule of Civil Procedure 45, prior to the Rule 26(f) conference, on First Century Bank, Payoneer, Namecheap, and LinkedIn "to seek documents concerning the identities and locations of Defendants and of the bad actors in their scheme." *Id.* ¶ 10.

## II.   ANALYSIS

The Court has subject matter jurisdiction in this matter under its diversity jurisdiction (28 U.S.C. § 1332(a)(2)) because Plaintiffs are citizens of Delaware and Washington (Dkt. No. 1 ¶ 14), Defendants are alleged to be citizens or subjects of a foreign state (*id.* ¶¶ 15–16), and the amount in controversy exceeds $75,000 (*id.* ¶ 17).

### A.   Legal Standard

Federal Rule of Civil Procedure 26(d) bars parties from seeking "discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). In determining whether to permit expedited discovery, courts in this jurisdiction require that the moving party demonstrate that "good cause" exists to deviate from the standard pretrial schedule. *See Amazon.com Inc. v. Aalitood*, No. C23-679-MJP-MLP, 2024 WL 308109, at *1 (W.D. Wash. Jan. 26, 2024) (applying the "good cause" standard for motions for expedited discovery and finding that plaintiffs demonstrated good cause for expedited discovery); *see also Semitool, Inc. v. Tokyo Electron Am.*,

*Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002) (applying "the conventional standard of good cause in evaluating Plaintiff's request for expedited discovery").

"Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool*, 208 F.R.D. at 276. The Ninth Circuit has emphasized that diligence and the intent of the moving party are the focus of the inquiry into good cause. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

**B.    There Is Good Cause for Expedited Discovery.**

Here, Plaintiffs seek expedited discovery to locate Pondit to effectuate service and to identify the unknown Defendants. There is good cause for such limited expedited discovery. Courts routinely allow early discovery for the limited purpose of identifying defendants on whom process could not otherwise be served. *See, e.g., Music Grp. Macao Com. Offshore Ltd. v. John Does I-IX*, 2014 WL 11010724, at *1–2 (W.D. Wash. July 18, 2014) (granting expedited discovery from Twitter, Inc. sufficient to identify Doe defendants); *Digital Sin, Inc. v. Does 1–5698*, 2011 WL 5362068, at *1–2 (N.D. Cal. 2011) (allowing early discovery from internet service providers to identify Doe defendants). "Where the identity of the alleged defendant is not known prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed." *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (cleaned up).

Plaintiffs have exhausted available means to locate and identify the individual(s) responsible for this allegedly fraudulent scheme, accordingly there is good cause to allow this limited expedited discovery. Dkt. No. 7. The Court finds the discovery Plaintiffs seek is narrowly tailored to obtain information related only to the purpose of identifying individuals responsible for

the alleged fraud and their locations and will not prejudice Defendants. *See Qwest Commc'n Int'l, Inc. v. WorldQuest Networks, Inc*., 213 F.R.D. 418, 420 (D. Colo. 2003) ("In applying the 'good cause' standard under Rule 26(d), the court should consider the scope of the requested discovery.").

Accordingly, the Court grants Plaintiffs' Motion.

### III.  CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiffs' motion. Dkt. No. 6.

Plaintiffs are granted permission, prior to the Rule 26(f) conference, to serve Rule 45 *subpoenas duces tecum* to First Century Bank, Payoneer, Namecheap, and LinkedIn to identify and locate Defendants and other actors involved in the conduct alleged in the Complaint.

Dated this 26th day of December, 2024.

Kymberly K. Evanson
United States District Judge