UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM, et al.,<br><br>      Plaintiffs,<br><br>  v.<br><br>PROLOY PONDIT, et al.,<br><br>      Defendants. | CASE NO. C24-1756-KKE<br><br>ORDER GRANTING MOTION FOR ALTERNATIVE SERVICE |

Plaintiffs Amazon.com, Inc. and Amazon.com Services LLC (collectively, "Amazon"), request the Court's authorization to complete service of process by email on Defendant Proloy Pondit. Dkt. No. 11. For the reasons below, the Court grants the motion.

## I.   BACKGROUND

Amazon sues Defendants for state law violations arising from Defendants' ownership and use of the website BigBoostUp.com in an alleged scheme of advertising and selling fake five-star product reviews targeting the Amazon store. *See generally* Dkt. No. 1. Amazon brings causes of action for violation of the Washington Consumer Protection Act, breach of contract, intentional interference with contractual relations, and unjust enrichment. *Id.* at ¶¶ 70–89. The Court granted Amazon's request for expedited discovery from financial institutions, domain registrars, and LinkedIn to find the identities and locations of Defendants involved in this scheme. Dkt. No. 8.

ORDER GRANTING MOTION FOR ALTERNATIVE SERVICE - 1

Through this discovery, Amazon has identified three email addresses associated with this scheme that are "the *most* likely means to provide actual notice" to Pondit. Dkt. No. 11 at 2.

The email addresses proloypondit23@gmail.com and proloypondit47@gmail.com were used to open a financial account that received monetary transfers from sales on BigBoostUp.com. Dkt. No. 12 ¶ 4. That financial account also listed a physical address in Bangladesh (*id.*), which a private investigator determined was invalid (*id.* ¶ 7).

The email address omaranipandit197800@gmail.com was used to register the BigBoostUp.com domain. Dkt. No. 12 ¶ 5. The domain registration information also included a physical address (*id.*) which a private investigator determined was incomplete (*id.* ¶ 7).

On March 13, 2025, Amazon tested the email addresses' functionality by sending emails containing courtesy copies of the Complaint and the Summonses. Dkt. No. 12 ¶ 9. Amazon did not receive any error notices, bounce back messages, or other indications that the emails failed to deliver. *Id.*

## II.    ANALYSIS

The Court has subject matter jurisdiction in this matter under its diversity jurisdiction (28 U.S.C. § 1332(a)(2)) because Plaintiffs are citizens of Delaware and Washington (Dkt. No. 1 ¶ 14), Defendants are alleged to be citizens or subjects of a foreign state (*id.* ¶¶ 15–16), and the amount in controversy exceeds $75,000 (*id.* ¶ 17).

### A.    **Legal Standard**

Federal Rule of Civil Procedure 4(h)(2) governs service of process on foreign corporations and states that foreign corporations may be served "in any manner prescribed by Rule 4(f) for serving an individual[.]" Fed. R. Civ. P. 4(h)(2). Rule 4(f) provides three separate means to complete international service; one is not preferred over another. *See Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002) ("[S]ervice of process under Rule 4(f)(3) is neither

a last resort nor extraordinary relief." (cleaned up)). Amazon requests to serve Pondit under Rule 4(f)(3), which permits service "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). The Ninth Circuit requires service under Rule 4(f)(3) to meet three thresholds: (1) it "must not be prohibited by international agreement"; (2) it "must comport with constitutional notions of due process"; and (3) "the facts and circumstances of the present case necessitate[] the district court's intervention." *Rio Props.*, 284 F.3d at 1015–16. The district court has "the discretion … to balance the limitations of email service against its benefits in any particular case." *Id.* at 1018; *Microsoft Corp. v. Buy More, Inc.*, 703 F. App'x 476, 480 (9th Cir. 2017).

B.   **Email Service Is Not Prohibited by International Agreement.**

First, the Court finds that service by email on Pondit located in Bangladesh is not "prohibited by international agreement." *Rio Props.*, 284 F.3d at 1015. Bangladesh is not a signatory to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("Hague Convention"). *See Contracting Parties*, HAGUE CONFERENCE ON PRIVATE INTERNATIONAL LAW, https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (last visited April 4, 2025). Courts have found that foreign defendants from non-Hague signatory countries such as Bangladesh may be served with legal process via email. *See, e.g.*, *XYZ Corp. v. Individuals, P'ships & Unincorporated Ass'ns Identified in Schedule A*, No. 24 CIV. 1962 (LGS), 2024 WL 1579910, at *2 (S.D.N.Y. Apr. 11, 2024) (collecting cases)*; Reflex Media, Inc. v. Doe No. 1*, 2022 WL 118301, at *2 (D. Nev. Jan. 11, 2022) (service on Bangladeshi defendant by email and Facebook was proper where plaintiffs presented evidence that the accounts appeared active). Thus, international agreement does not preclude service by email on Pondit located in Bangladesh.

ORDER GRANTING MOTION FOR ALTERNATIVE SERVICE - 3

**C.    Email Service Comports with Due Process and Is Necessary.**

The Court next considers whether service of process via email addresses linked to Pondit comports with constitutional due process. Such service satisfies due process when this avenue is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950). Amazon sufficiently demonstrated the inability to identify valid physical addresses and that the email addresses associated with the BigBoostUp scheme remain active and valid. Dkt. No. 12 ¶¶ 7, 9. The Court finds no reason to depart from other cases in this district, which involved similar facts. *See, e.g.*, *Amazon.com, Inc. v. Liu*, No. C23-1375-RSL-SKV, 2024 WL 2959527, at *3 (W.D. Wash. June 12, 2024) (email service comported with due process when physical addresses were invalid and email addresses were confirmed as active).

Amazon also argues that Court-ordered service on the identified email addresses is necessary because (1) "defendants conduct their business through the Internet and email has been the defendants' preferred method of communication[,]" (2) no valid physical address has been identified, and (3) Pondit may be evading service. Dkt. No. 11 at 6–7. These factors support Court intervention. *Rubie's Costume Co., Inc. v. Yiwu Hua Hao Toys Co.*, No. 2:18-cv-01530, 2019 WL 6310564, at *2 (W.D. Wash. Nov. 25, 2019).

///

///

///

///

ORDER GRANTING MOTION FOR ALTERNATIVE SERVICE - 4

### III.  CONCLUSION

Accordingly, the Court GRANTS Plaintiffs' motion for alternative service.  Dkt. No. 11. The Court ORDERS Plaintiffs to complete service by emailing all filings in this action to the following email addresses: proloypondit23@gmail.com, proloypondit47@gmail.com, and omaranipandit197800@gmail.com.

Dated this 11th day of April, 2025.

Kymberly K. Evanson
United States District Judge

ORDER GRANTING MOTION FOR ALTERNATIVE SERVICE - 5