UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMAZON.COM INC., et al.,

                Plaintiff(s),

    v.

PROLOY PONDIT,

                Defendant(s).

CASE NO. C24-1756-KKE

ORDER GRANTING MOTION FOR
DEFAULT JUDGMENT

Plaintiffs Amazon.com Inc. and Amazon.com Services LLC (collectively "Amazon") filed this action in October 2024, alleging that Defendant Proloy Pondit operated a website through which he sold false five-star product reviews to "bad actors" operating Amazon selling accounts to artificially inflate those accounts' ratings on Amazon, thereby deceiving Amazon and its customers. *See generally* Dkt. No. 1 ¶¶ 6, 9–11. Defendant deactivated the website shortly before the complaint was filed, but Amazon believes he is continuing fraudulent activities through other means. *Id*. ¶ 12.

Defendant resides at an unknown address in Bangladesh, and the Court granted Amazon leave to serve him with process via email addresses that he used to operate his business. *See* Dkt. No. 1 ¶ 15; Dkt. No. 13. After Amazon served him in accordance with the Court's order, Defendant did not respond or otherwise appear, and the Court entered default. Dkt. No. 18.

ORDER GRANTING MOTION FOR DEFAULT JUDGMENT - 1

Amazon now requests entry of default judgment (Dkt. No. 21), and the Court will grant that motion.

## I.    ANALYSIS

### A.    The Court Has Jurisdiction over the Subject Matter and the Parties.

Before entering default judgment, the Court must confirm that it has both subject matter and personal jurisdiction. *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties.").

The Court has subject-matter jurisdiction under 28 U.S.C. § 1332, as there is complete diversity of citizenship between Plaintiffs and Defendant and the amount in dispute exceeds $75,000. Dkt. No. 21 at 8.

The Court also has personal jurisdiction over Defendant because he consented to such jurisdiction (via Amazon's Conditions of Use) each time he logged into an Amazon customer account and posted a fake five-star product review. *See* Dkt. No. 1 ¶ 20.

### B.    Legal Standards on a Motion for Default Judgment

The Court's decision to enter a default judgment is discretionary. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). The Court "ordinarily disfavor[s]" default judgment because "[c]ases should be decided upon their merits whenever reasonably possible." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). In considering a motion for default judgment, the Court accepts "the well-pleaded factual allegations" as true, but "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) (citation modified).

When considering whether to exercise its discretion to enter a default judgment, the Court may consider the following *Eitel* factors:

ORDER GRANTING MOTION FOR DEFAULT JUDGMENT - 2

(1) the possibility of prejudice to the plaintiff,
(2) the merits of plaintiff's substantive claim,
(3) the sufficiency of the complaint,
(4) the sum of money at stake in the action;
(5) the possibility of a dispute concerning material facts;
(6) whether the default was due to excusable neglect, and
(7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel*, 782 F.2d at 1471–72.

The Western District of Washington also requires a party seeking default judgment to provide "a declaration and other evidence establishing plaintiff's entitlement to a sum certain and to any nonmonetary relief sought." Local Civil Rules W.D. Wash. LCR 55(b)(2). "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

**C.      Amazon Is Entitled to Default Judgment Against Defendant.**

The Court applies the *Eitel* factors to this case and finds that they favor a default judgment on Amazon's claims.

*1.      Possibility of Prejudice to Amazon*

For the first *Eitel* factor, the Court analyzes the possibility of prejudice to Amazon. Prejudice exists when "the plaintiff has no recourse for recovery other than default judgment." *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1211 (W.D. Wash. 2014) (citation modified).

In this case, Defendant has failed to respond to or otherwise defend against the complaint. Without a default judgment, Amazon would have no recourse. Therefore, the Court finds the first *Eitel* factor favors a default judgment.

*2.      Sufficiency and Merits of Amazon's Complaint*

The Court analyzes the second and third *Eitel* factors—the merits of Amazon's substantive claims and the sufficiency of the complaint—together. *See, e.g., Curtis*, 33 F. Supp. 3d at 1211.

ORDER GRANTING MOTION FOR DEFAULT JUDGMENT - 3

For the following reasons, the Court finds that Amazon has alleged facts in its complaint showing that Defendant is liable on the claims asserted.

### a. Washington's Consumer Protection Act ("CPA")

"To state a claim under the CPA, a plaintiff must allege: '(1) [an] unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; [and] (5) causation.'" *Trader Joe's Co. v. Hallatt*, 835 F.3d 960, 976 (9th Cir. 2016) (quoting *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531, 535 (Wash. 1986)).

Amazon's complaint, when accepted as true, satisfies the elements of a CPA claim. It satisfies the first two elements because it alleges that Defendant's conduct has a capacity or tendency to deceive Amazon, its customers, and its selling partners. *See* Dkt. No. 1 ¶¶ 52–60, 72. The third element is satisfied because Defendant's actions had the capacity to injure and did injure the public, namely Amazon's customers and selling partners. *Id*. ¶¶ 11, 72. The fourth and fifth elements are satisfied because Defendant injured Amazon's business and property: fake reviews undermine the public's trust in Amazon, which tarnishes Amazon's brand and reputation. *Id*. ¶¶ 48, 63. Defendant's conduct also caused Amazon to expend resources and valuable employee hours identifying the misconduct and taking corrective action. Dkt. No. 23 ¶¶ 13–14.

Therefore, the Court finds that the second and third *Eitel* factors favor a default judgment for Amazon on its CPA claim.

### b. Breach of Contract

To prevail on a breach of contract claim, a plaintiff must show (1) a valid contract existed between the parties, (2) the contract was breached, and (3) damages resulted. *Lehrer v. State, Dep't of Soc. & Health Servs.*, 5 P.3d 722, 727 (Wash. Ct. App. 2000).

ORDER GRANTING MOTION FOR DEFAULT JUDGMENT - 4

The complaint satisfies these elements.  First, Amazon alleges that Defendant accepted and is bound by Amazon's Conditions of Use and Community Guidelines, which require that content posted in the Amazon Store is accurate and prohibit posting misleading content and content in exchange for compensation.  Dkt. No. 1 ¶¶ 39–41, 77.  Second, Amazon alleges that Defendant breached the Conditions of Use and Community Guidelines by posting fake product reviews in the Amazon Store in exchange for compensation.  *Id*. ¶ 79.  And third, Amazon alleges that Defendant's breach caused Amazon damages, including reputational injury and investigative/enforcement costs.  *Id*. ¶ 80; Dkt. No. 23 ¶¶ 13–14.

The Court thus finds the second and third *Eitel* factors favor a default judgment for Amazon on its breach of contract claim.

### c.   Intentional Interference With Contractual Relations

In Washington, the elements of a claim for intentional interference with a contract are: "(1) the existence of a valid contractual relationship or business expectancy; (2) that defendants had knowledge of that relationship; (3) an intentional interference inducing or causing a breach or termination of the relationship or expectancy; (4) that defendants interfered for an improper purpose or used improper means; and (5) resultant damage." *Leingang v. Pierce Cty. Med. Bureau, Inc.*, 930 P.2d 288, 300 (Wash. 1997).

The complaint satisfies these elements.  The first four elements are met because Defendant was aware that Amazon maintained contracts with its selling partners and intentionally induced Amazon's selling partners to breach those contracts for an improper purpose, as evidenced by language on his website that is quoted in the complaint.  Dkt. No. 1 ¶¶ 10, 59, 84.  The last element is satisfied because Defendant's actions harmed Amazon.  *Id*. ¶ 86; Dkt. No. 23 ¶¶ 13–14.

The Court thus finds the second and third *Eitel* factors favor a default judgment for Amazon on its intentional interference claim.

d.  Unjust Enrichment

In Washington, the elements of a claim based on unjust enrichment are: "(1) the defendant receives a benefit, (2) the received benefit is at the plaintiff's expense, and (3) the circumstances make it unjust for the defendant to retain the benefit without payment." *Young v. Young*, 191 P.3d 1258, 1262 (Wash. 2008).

The complaint satisfies these elements.[1]  The first and second elements are met because Defendant's business was dependent on exploiting the Amazon Store: Defendant charged his customers fees for packages of fake five-star product reviews published by customer accounts controlled by Defendant in the Amazon Store.  Dkt. No. 1 ¶¶ 5, 9, 53.  The third element is met because Defendant obtained benefits through conduct that harms Amazon's business relationships, and it would be unjust for Defendant to retain the benefits he obtained as a result of that wrongful conduct.  *Id*. ¶ 88.

The Court thus finds the second and third *Eitel* factors favor a default judgment for Amazon on its unjust enrichment claim.  And as set out in this section, the Court finds that the second and third Eitel factors favor a default judgment for Plaintiff on *all* claims raised in the complaint.

3.      *The Sum of Money at Stake*

For the fourth *Eitel* factor, the Court considers the amount of money at stake in relation to the seriousness of the defendant's conduct.  *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1176 (C.D. Cal. 2002).  The Court also assesses whether the amount of monetary damage requested is proportional to the harm caused by the defendant.  *See Curtis*, 33 F. Supp. 3d at 1212.

---

[1] Although an unjust enrichment claim "cannot succeed when the plaintiff and defendant have an existing contract that covers the same subject matter that the plaintiff alleges in the unjust enrichment claim[,]" it is not clear that the claims are duplicative here. *Strategic Funding Source, Inc. v. Boonkur*, No. 3:25-cv-05220-TL, 2025 WL 3073089, at *5 (W.D. Wash. Nov. 4, 2025). Even if the unjust enrichment claim is duplicative, however, it would not materially alter the Court's analysis or relief provided to Amazon, given that Amazon does not request an award of actual damages on any of its claims.

In this case, Amazon is not seeking to recover actual damages, seeking only to recover its attorney's fees. Dkt. No. 21 at 15. This factor weighs in favor of default judgment.

### 4. Possibility of Dispute over Material Facts

For the fifth *Eitel* factor, the Court considers the possibility of a dispute concerning material facts. *Eitel*, 782 F.2d at 1471–72. Upon default, a plaintiff's factual allegations of the complaint will be taken as true. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). Because Defendant failed to appear or otherwise respond, he has failed to rebut Amazon's allegations or evidence provided to support its claims. Therefore, given that no dispute of material facts is apparent, the Court finds that the fifth *Eitel* factor favors entry of a default judgment.

### 5. Possibility of Excusable Neglect

For the sixth *Eitel* factor, the Court assesses whether the defendant's default was due to excusable neglect. Here, the Court granted Amazon's motion for alternative service and allowed it to serve Defendant by email. *See* Dkt. No. 13. Consistent with the Court's order, Amazon subsequently provided an affidavit of service and confirmed that it received no error message or bounce-back. *See* Dkt. No. 14. Because Defendant received notice of this action and yet made no apparent effort to respond to the complaint or otherwise defend, the Court finds that the sixth *Eitel* factor favors entry of a default judgment. *See Landstar Ranger, Inc. v. Parth Enters.*, 725 F. Supp. 2d 916, 922 (C.D. Cal. 2010).

### 6. Policy in Favor of Decision on the Merits

For the seventh *Eitel* factor, the Court addresses the strong policy preference in favor of resolution of claims on their merits. *See Eitel*, 782 F.2d at 1472 ("Cases should be decided upon their merits whenever reasonably possible."). However, a defendant's "failure to answer Plaintiffs' Complaint makes a decision on the merits impractical, if not impossible." *PepsiCo*, 238 F. Supp. 2d at 1177.

ORDER GRANTING MOTION FOR DEFAULT JUDGMENT - 7

Thus, although the Court's preference for resolving issues on their merits weighs against entry of a default judgment, this factor is outweighed by the other *Eitel* factors, as summarized here. Accordingly, the Court finds that Amazon's motion for default judgment should be granted.

**D.      Amazon Is Entitled to a Permanent Injunction.**

Amazon requests that the Court enter an order enjoining Defendant and others connected to him from (1) selling or facilitating the sale of, and posting or directing any person or entity to post, fake or incentivized product reviews, fake seller feedback, and other fake content in Amazon's stores; and (2) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the above-described, enjoined activities. Dkt. No. 21 at 17.

To obtain a permanent injunction, a plaintiff must show: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *Olson Kundig, Inc. v. 12th Avenue Iron, Inc.*, No. C22-0825JLR, 2023 WL 3269759, at *13 (W.D. Wash. May 5, 2023) (citing *eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006)).

Amazon's complaint satisfies these requirements. The complaint alleges irreparable harm in the form of damage to Amazon's reputation and good will with the public. Dkt. No. 1 ¶¶ 63–69. Harms such as these are not fully compensable at law. *Id*. ¶ 75. Although Defendant's website is no longer active, Amazon alleges that Defendant "may be continuing their fraudulent activities through other means." *Id*. ¶ 12. Absent injunctive relief, Defendant could resume his illicit services at any time, which would extend the irreparable harm to Amazon. Thus, the balance of hardships tips in Amazon's favor. Lastly, the public interest is served by preventing Defendant

ORDER GRANTING MOTION FOR DEFAULT JUDGMENT - 8

from misleading consumers with fake reviews. Accordingly, the Court finds that Amazon is entitled to the permanent injunction requested.

**E.    Amazon Is Entitled to Recover Attorney's Fees on its CPA Claim.**

Washington's CPA authorizes an award of attorney's fees and costs to prevailing parties. WASH. REV. CODE § 19.86.090. Although Amazon also sustained actual damages as a result of Defendant's conduct, Amazon has chosen not to quantify those damages for purposes of default judgment and seeks only attorney's fees. Dkt. No. 21 at 16.

Amazon's motion requests a fee award of $75,533.00. The Court finds that both the hours expended (as documented in the declaration submitted along with the motion for default judgment) and the hourly rates charged by the professionals managing this case are reasonable and in line with awards in similar cases. *See* Dkt. No. 22. Therefore, a fee award of $75,533.00 is appropriate. *See, e.g.*, *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (explaining that a court determines a reasonable fee award by first calculating the lodestar, which represents the product of a reasonable number of hours expended and a reasonable hourly rate).

## II.    CONCLUSION

For these reasons, the Court GRANTS Plaintiffs' motion for default judgment (Dkt. No. 21). Judgment shall be entered in favor of Plaintiffs and against Defendant.

Dated this 23rd day of January, 2026.

Kymberly K. Evanson
United States District Judge

ORDER GRANTING MOTION FOR DEFAULT JUDGMENT - 9